| | | |
|---|---|---|
| KRISTEN DANIELLE REYNOLDS, | ) | |
| | ) | |
| Petitioner, | ) | 2:24-CV-00090-DCLC-CRW |
| | ) | 2:21-CR-00018-DCLC-CRW |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Kristen Danielle Reynolds' *pro se* Motion to Vacate, Set Aside, or Dismiss under 28 U.S.C. § 2255 [Doc. 1; Criminal Docket Doc. 1166]. Reynolds filed a Supplement to her Motion [Doc. 4], and the United States (the "Government") responded in opposition [Doc. 6]. For the reasons stated herein, Reynolds' § 2255 motion is **DENIED**.

## I.      BACKGROUND

On February 16, 2022, Reynolds pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and one count of possession of a firearm after having been convicted of a crime punishable by imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). [Criminal Docket Docs. 342, 357]. With a total offense level of 31 and a criminal history category of VI, Reynolds faced a guideline range of 188 to 235 months' imprisonment. [Criminal Docket Doc. 474, ¶ 90]. At sentencing, the Court granted the Government's motion for downward departure and sentenced her to a term of 140 months. [Criminal Docket Doc. 527].

1

Reynolds now moves for relief under § 2255, arguing that she received ineffective assistance of counsel because her attorney failed to object to inaccuracies in the prior offenses listed on her Presentence Investigation Report ("PSR").  Specifically, Reynolds contends that she was incorrectly assessed two criminal history points for charges she was never convicted of.[1] Further, Reynolds argues that her attorney did not inform her of how her criminal history points would affect her incarceration after sentencing.

## II.     LEGAL STANDARD

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  A court must vacate a sentence upon a finding "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[.]" 28 U.S.C. § 2255(b).  To warrant relief for a denial or infringement of a constitutional right, a petitioner must establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).  To warrant relief for a

---

[1]     Reynolds appears to be referring to her May 7, 2019 offenses of Criminal Impersonation, Possession of Drug Paraphernalia, Schedule II Drug Violation, and Child Endangerment. [Criminal Docket Doc. 474, ¶ 66].  She was convicted of the first two of these offenses with the latter two charges dismissed. The PSR properly assigned two criminal history points for the two convicted offenses because Reynolds received a sentence of at least 60 days' imprisonment for the offense(s) and related probation violation. *See* U.S.S.G. § 4A1.1 (assigning two points for each prior sentence of imprisonment of at least 60 days); U.S.S.G. § 4A1.2(k) ("In the case of a prior revocation of probation … add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1.").

2

non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (citation and quotation omitted). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## III.   ANALYSIS

### A.  Motion to Vacate, Set Aside, or Dismiss under 28 U.S.C. § 2255

Motions under § 2255 must be filed within one year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, the Court entered judgment against Reynolds on June 10, 2022. This judgment became final 14 days later, on June 24, 2022. *See* Fed. R.App. P. 4(b)(1) (providing that a criminal defendant has 14 days from the entry of judgment to file an appeal). Reynolds had one year from this date (i.e., until June 24, 2023) to timely file a motion under 28 U.S.C. § 2255. But she did not file her motion until May 2024.

Reynolds argues that she did not see or understand the criminal history points on her PSR

3

until after June 24, 2023.  If true, § 2255(f)(4) could apply to set the statute of limitations beyond that date.  But Reynolds disproves this argument within her own motion.  She stated that, "After receiving my PSR my lawyer met with me and informed me of my points.  She then informed me that she could contest some of these points, she was not specific, and have them removed but that it would make no difference since it would not change my category." [Doc. 4, pg. 2].  This meeting with her lawyer occurred prior to her sentencing hearing; therefore, she had ample opportunity to review her PSR and contest her prior convictions or criminal history points before her sentence was imposed.  Thus, the date on which facts supporting Reynolds' § 2255 claim could have been discovered through due diligence was prior to the date the Court entered final judgment.  June 24, 2023 remains the last day that Reynolds could have timely filed her motion.[2]

Because Reynolds' motion is untimely and therefore must be denied, there is no need for the Court to conduct an evidentiary hearing or review the merits of the motion.

### B. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

---

[2]     Reynolds does not present any facts or arguments that would support equitable tolling of the statute of limitations.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court finds that reasonable jurists could not find it debatable that Reynolds' § 2255 motion is untimely. Therefore, a certificate of appealability will be denied.

## IV. CONCLUSION

For these reasons, Reynolds' Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1; Criminal Case Doc. 1166] is **DENIED**.

A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Court

5